## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

—————————————————————————
|  |  |
|---|---|
| ALLIED IRISH BANKS, p.l.c., | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | )   Civil Action No._____ |
|  | ) |
| RICHARD A. VOKE, | ) |
|  | )   JURY TRIAL DEMANDED |
|  | ) |
| Defendant. | ) |

—————————————————————————)

## COMPLAINT

Plaintiff Allied Irish Banks, p.l.c., ("AIB"), by and through its attorneys, Jack W.

Pirozzolo and Corey D. Winer of Sidley Austin LLP, and for its complaint for breach of contract,

alleges as follows:

### NATURE OF THE PROCEEDING

1.      AIB brings this action to recover damages arising from the failure of Defendant

Richard A. Voke ("Voke" or "Guarantor") to make payment required under a guarantee provided

by Voke to AIB (the "Guarantee").

2.      A copy of the Guarantee is attached hereto as Exhibit A.

### THE PARTIES

3.      AIB is a bank, duly organized in Ireland, and with a principal place of business at

Bankcentre, Ballsbridge, Dublin 4, Ireland.

4.      Upon information and belief, Voke is a United States citizen and has a residence

in Massachusetts at 3920 Mystic Valley Parkway, Unit #222, Medford, Massachusetts.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C.

§ 1332(a)(2) because this matter is between a citizen of a State and a citizen of a foreign state

and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6.      This Court has personal jurisdiction over Defendant because, upon information

and belief, Defendant has a residence in Massachusetts and has engaged in substantial,

continuous and systematic activity in Massachusetts.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because, upon

information and belief, Defendant has a residence in this judicial district and a substantial portion

of the events giving rise to the claim occurred in this judicial district.

## FACTS

### Voke's Guarantee to AIB for Voke Holding Limited's Indebtedness to AIB

8.      In early 2005, Voke established Voke Holdings Limited ("VHL") as a special

purpose vehicle in order to acquire shares in Beechford Limited, the owner and operator of The

Walter Raleigh Hotel in Youghal, Ireland.  Voke served as director of VHL.  The total

consideration for acquisition of the shares was approximately €2.45 million, of which AIB

provided debt facilities of approximately €1.6 million.  A copy of a letter of sanction reflecting

this loan is attached hereto as Exhibit B.  Voke provided the balance (i.e., approximately €0.85

million) from his own funds and through director's loans.

9.      On or about April 27, 2005, Voke executed the Guarantee that partially secured

the loan amount.  *See* Exhibit B.  Pursuant to Section 1 of the Guarantee, "[i]n consideration of

[AIB] agreeing at [Voke's] request to give time or make or continue advances or otherwise give

credit or afford banking facilities" to VHL, Voke, as Guarantor, "agree[d] to pay and satisfy to

[AIB], upon demand, all sums of money which [then] or shall at any time [t]hereafter be owing

2

to [AIB] anywhere on any account whatsoever whether from [VHL] solely or from [VHL] jointly or jointly and severally with any other person or persons or from any firm in which [VHL] may be a partner…"

10.     The Guarantee includes a non-exclusive listing of such sums: "the amount of notes or bills discounted or paid and other loans or credits or advances made to or for the accommodation or at the request of [VHL] solely severally or jointly or of any such firm as aforesaid or for any money for which [VHL] may be liable as surety or in any other way whatsoever together with in all cases aforesaid all interest, discount and other bankers' charges (on the full indemnity basis) including legal charges occasioned by or incident to this or any other security held by or offered to the Bank for the same indebtedness or by or to the enforcement of such security."

11.     Pursuant to Section 14 of the Guarantee, any moneys guaranteed become due and payable by the Guarantor to AIB upon written demand made by AIB.  Under Section 16 of the Guarantee, Voke agreed that all sums payable by him as Guarantor shall be paid without any deductions, set off, counterclaim or withholding whatsoever and without any deduction for or on account of any present or future taxes, levies, imposts, duties, deductions or withholding or other charges of whatever nature imposed, levied, collected, withheld or assessed unless the Guarantor is compelled by law so to do.

12.     The Guarantee limits the amount recoverable from the Guarantor under the Guarantee to the sum of €200,000, together with interest thereon at AIB's lending rate as specified in the Guarantee from the date of demand by AIB upon Voke for payment until full discharge.

3

13.     In 2006, AIB advanced a loan facility of €450,000 to VHL to allow for partial repayment of Voke's director's loan.  This loan facility was partially secured by the Guarantee. A copy of a letter of sanction reflecting this loan is attached hereto as Exhibit C.

14.     On information and belief, VHL dissolved on or around September 24, 2013.

15.     The total amount of VHL's indebtedness to AIB, exclusive of interest, is €2,163,068.

Voke's Failure to Pay Amounts Owed Under Guarantee

16.     AIB sent Voke several letters of demand over the past nearly three years, including letters dated May 21, 2012, October 19, 2012, April 24, 2013, January 15, 2014 and February 23, 2015, copies of which are attached hereto as Exhibits D-H.  The May 2012 letter, and each subsequent letter, demanded immediate payment by Voke of the sum of €200,000 under the Guarantee, and further noted that interest would continue to accrue from the date of the original demand.

17.     In or around March 2015, an individual purporting to be a representative of Voke placed a telephone call to AIB and represented in that call that Voke intended to enlist a firm of solicitors in Ireland to engage with AIB on the subject of Voke's obligations under the Guarantee.  Apart from this one telephone call (following which there have been no communications to AIB on behalf of Voke), Voke has failed to respond to any of AIB's Demand Letters.  Voke has never disputed to AIB that he owes the €200,000 plus interest under the Guarantee.

18.     Voke has not paid AIB the €200,000 plus interest owed under the Guarantee. €200,000, together with interest thereon running from the date of AIB's original letter of demand, remains due and owing to AIB.  The approximate amount of interest owed through

present under the Guarantee is €9,102.33, and interest continues to accrue.  The approximate total currently owed under the Guarantee is €209,102.33 (or $229,155.24).

COUNT I – BREACH OF CONTRACT AND
ENFORCEMENT OF GUARANTEE AGAINST VOKE

19.     Plaintiff restates and realleges the allegations set forth in Paragraphs 1 through 18 above, as if set out in full herein.

20.     The Guarantee has not been voided, modified or terminated and is an enforceable contract.

21.     AIB has made written demand for payment of the €200,000 owed by Voke under the Guarantee.  The Guarantee obligates Voke to pay AIB that sum, plus interest running from the date of the demand until final discharge.

22.     Voke, as Guarantor, has breached the Guarantee by failing to make payment to AIB as required by the terms of the Guarantee.

23.     AIB has suffered damages, and continues to suffer damages, by Voke's failure to make payment due and owing under the Guarantee.

WHEREFORE, Allied Irish Banks, p.l.c. respectfully requests that this Court issue an order:

1.     Entering judgment against Richard A. Voke and in favor of Allied Irish Banks, p.l.c. in the full amount of the obligation under the Guarantee that remains unpaid as of the date of judgment, plus interest calculated in accordance with the terms of the Guarantee;

5

2.      Providing that the Court will retain jurisdiction for the purpose of supervising enforcement of the Guarantee; and

3.      Awarding Allied Irish Banks, p.l.c. such other and further relief as may be just, proper and necessary.

## **DEMAND FOR JURY TRIAL**

Plaintiff Allied Irish Banks, p.l.c. demands a trial by jury on all issues and claims so triable.

Dated:   August 14, 2015

Respectfully submitted,

*/s/ Jack W. Pirozzolo*
Jack W. Pirozzolo (BBO# 564879)
Corey D. Winer (BBO# 678410)
jpirozzolo@sidley.com
cwiner@sidley.com
SIDLEY AUSTIN LLP
60 State Street, 34th Floor
Boston, MA 02109
Telephone: (617) 223-0304
Telephone: (617) 223-0352
*Attorneys for Plaintiff Allied Irish Banks, p.l.c.*