# EXHIBIT A

# *Guarantee*

Dated the ___27th___ day of ___April___ 2005.

To: **Allied Irish Banks, p.l.c.** (hereinafter called "the Bank", to include where the context so admits, its successors and assigns).

1.  In consideration of the Bank agreeing at my/our request to give time or make or continue advances or otherwise give credit or afford banking facilities for so long as the Bank may think fit to the borrower(s) named in Part I of the Schedule hereto (hereinafter called "the Customer") I/we, the individual(s) named in Part II of the Schedule hereto (hereinafter called "the Guarantor") hereby agree to pay and satisfy to the Bank on demand all sums of money which are now or shall at any time hereafter be owing to the Bank anywhere on any account whatsoever whether from the Customer solely or from the Customer jointly or jointly and severally with any other person or persons or from any firm in which the Customer may be a partner including without limitation the amount of notes or bills discounted or paid and other loans or credits or advances made to or for the accommodation or at the request either of the Customer solely severally or jointly or of any such firm as aforesaid or for any money for which the Customer may be liable as surety or in any other way whatsoever together with in all cases aforesaid all interest, discount and other bankers' charges (on the full indemnity basis) including legal charges occasioned by or incident to this or any other security held by or offered to the Bank for the same indebtedness or by or to the enforcement of such security **provided always** that the total amount recoverable from the Guarantor shall not exceed

    the sum of € 200,000

    ( Two hundred thousand                                            Euro)

    together with interest thereon from time to time (whether before or after Judgement) at the Bank's lending rate (hereinafter specified) from the date of demand by the Bank upon the Guarantor for payment until full discharge.

2.  This Guarantee shall not be considered as satisfied by any intermediate payment or satisfaction (by the Guarantor or the Customer or any other person) of the whole or any part of any sum or sums of money owing as aforesaid but shall be a continuing security and shall remain in force notwithstanding any disability or the death of the Guarantor and shall extend to any sum or sums of money which shall from time to time constitute the balance due from the Customer to the Bank upon any such account as is hereinbefore mentioned.

3.1 Without prejudice to the Bank's right of payment on demand hereunder this guarantee may be discontinued by the Guarantor and the Guarantor's obligations terminated hereunder by:-

   (i)  giving six calendar months notice in writing to the Bank of the Guarantor's desire to discontinue this guarantee and terminate the Guarantor's obligations hereunder
   and
   (ii) paying to the Bank:-

   (a)  within seven days of the expiration of the aforesaid period of six calendar months the amount (if any) which as at the close of business on the last business day of the aforesaid period of six calendar months would have been due in accordance with the terms of this guarantee had payment of the same been demanded by the Bank on such day: and

   (b)  within seven days of the same becoming payable by the Customer the amount (if any) of all obligations whatsoever of the Customer to the Bank which were at the expiration of the said period of six calendar months future or contingent obligations arising out of transactions entered into between the Customer and the Bank either before or after the giving of such notice.

3.2 Save as is provided in 3.1 hereof the Guarantor's obligations under this guarantee can only be determined by agreement in writing to that effect made between the Bank and the Guarantor.

4. If this guarantee is determined or called in by demand made by the Bank or ceases from any cause whatsoever to be binding as a continuing security, the Bank may open a new account or accounts with the Customer or any other person for whose liabilities this guarantee is available as security; if the Bank does not open a new account it shall nevertheless be treated as if it had done so at the time of determination or calling in or the guarantee ceasing to be a continuing security and as from that time all payments made to the Bank shall be credited to or be treated as having been credited to the new account and shall not operate to reduce the amount for which this guarantee is available as security at that time.

5. A certificate by an officer of the Bank as to the amount for the time being due from the Customer to the Bank or where the amount so due exceeds the amount up to which the guarantee may be enforced a certificate to that effect but without specifying the amount so due by the Customer and as to interest after demand from time to time payable hereunder shall be conclusive evidence for all purposes against the Guarantor.

6. The Bank shall be at liberty without obtaining any consent from the Guarantor and without thereby affecting its rights or the Guarantor's liability hereunder at any time:-

    (i) to determine, enlarge or vary any credit to the Customer;

    (ii) to vary, exchange, abstain from perfecting, release or allow the postponement of the priority of any securities (including guarantees) for or on account of the moneys intended to be hereby secured or any part thereof and held or which may hereafter be held by the Bank from the Customer or any other person (including any signatory of this guarantee and in respect of any obligation whatsoever including all or part of the liability hereunder of any such signatory);

    (iii) to renew bills and promissory notes in any manner;

    (iv) to compound with, give time for payment to, accept compositions from and make any other arrangements with the Customer or any obligant on any bills, notes, obligations or securities whatsoever held or which may hereafter be held by the Bank for or on behalf of the Customer; and

    (v) to enforce in whatever order it thinks fit all rights to recover and all securities and guarantees (including this guarantee) for the above-mentioned liabilities of the Customer.

7. This guarantee shall be in addition to and shall not be in any way prejudiced or affected by any collateral or other security now or hereafter held by the Bank for all or any part of the moneys hereby guaranteed, nor shall such collateral or other security or any lien to which the Bank may otherwise be entitled or the liability of any person or persons not parties hereto for all or any part of the moneys hereby secured be in anywise prejudiced or affected by this present guarantee. The Bank shall have full power at its discretion to give time for payment to or make any other arrangement with any such other person or persons without prejudice to this present guarantee or any liability hereunder. Without prejudice to the next following clause hereof all moneys received by the Bank from the Guarantor or from the Customer or any other person or persons liable to pay the same may be applied by the Bank to any account or item of account or to any transaction to which the same may be applicable as the Bank in its absolute discretion sees fit.

8. This present guarantee shall be construed and take effect as a guarantee of the whole and every part of the principal moneys and interest owing and to become owing as aforesaid and accordingly the Guarantor shall not be entitled to share in any security held or moneys received by the Bank on account of such principal or interest or to stand in the place of the Bank in respect of such security or moneys nor shall the Guarantor take any step to enforce any right or claim against the Customer in respect of any moneys paid by the Guarantor to the Bank hereunder nor shall the Guarantor exercise any rights as surety in competition with the Bank unless and until the whole of the principal moneys and interest shall have first been completely discharged and satisfied. For the purpose of enabling the Bank to sue the Customer or prove in the Customer's winding up, bankruptcy, insolvency or dissolution for the whole of the moneys owing as aforesaid or to preserve intact the liability of any other party the Bank may at any time place and

keep for such time as it may think prudent any monies received recovered or realised hereunder to and at a separate or suspense account to the credit either of the Guarantor or of such other person or persons or transaction if any as it shall think fit without any intermediate obligation on the part of the Bank to apply the same or any part thereof in or towards the discharge of the moneys owing as aforesaid or any intermediate right on the Guarantor's part to sue the Customer or prove in the Customer's winding up, bankruptcy, insolvency or dissolution in competition with or so as to diminish any dividend or other advantage that would or might come to the Bank or to treat the liability of the Customer as diminished.

9. The Guarantor has not taken in respect of the liability hereby undertaken by the Guarantor on behalf of the Customer and the Guarantor will not take from the Customer either directly or indirectly without the written consent of the Bank any promissory note, bill of exchange, mortgage, charge, or other counter-security whether or not involving a charge on any property whatsoever of the customer whereby the Guarantor or any person claiming through the Guarantor by indorsement, assignment or otherwise would or might on the winding up of or in the bankruptcy, insolvency or dissolution of the Customer and to the prejudice of the Bank increase the proofs in such winding up, bankruptcy, insolvency or dissolution or diminish the property distributable amongst the creditors of the Customer. Any such counter-security as aforesaid which the Guarantor may have taken or may take (either with or without such consent as aforesaid) shall be held by the Guarantor on trust as security to the Bank for the fulfilment of the Guarantor's obligations hereunder and shall be forthwith deposited by the Guarantor with the Bank for that purpose.

10. The Bank shall so long as any moneys remain owing hereunder have a right of set off against such liability on all moneys now or hereafter standing to the Guarantor's credit with the Bank whether on any current or other account and shall have a lien on all securities or other property belonging to the Guarantor held by the Bank for safe custody or otherwise.

11. So far as the law permits this guarantee shall be and continue to be binding and shall not be impaired or revoked nor shall the Guarantor's liability hereunder be affected by reason of:-

    (i) any failure of or irregularity defect or informality in the security given by or on behalf of the Customer or any other person in respect of the liabilities hereby secured or any part thereof; or

    (ii) any failure of any other person to execute this guarantee or to grant any security in respect of the said liabilities or any part thereof; or

    (iii) any change in the Guarantor's constitution name or title or in the constitution name or title of the Customer.

12. This guarantee shall apply to all moneys in fact borrowed from the Bank by or debited to the account of the Customer notwithstanding that such moneys (or part thereof) may not be or may cease to be recoverable from the Customer by reason of:-

    (i) any lack or limit of or defect in the authority of any officer or agent acting or apparently acting for the Customer; or

    (ii) any informality irregularity disability, or incapacity (including in the case of an individual and until the Bank receives actual notice thereof the death of the Customer); or

    (iii) the operation of the Limitation Acts or of any provision of any enactment for the time being in force in relation to liquidation, bankruptcy, insolvency or dissolution.

    **And** if and so far as any such moneys may not be recoverable by the Bank from the Customer the Guarantor shall indemnify the Bank in respect thereof and shall be liable therefore as principal debtor.

13. This guarantee shall be in addition to and not in substitution for any other guarantee or security for the obligations of the Customer given by the Guarantor to the Bank.

14. Any moneys hereby guaranteed shall become due and payable by the Guarantor to the Bank forthwith upon written demand made by the Bank.

15.1 Any demand or notice to be given under or in connection with this guarantee shall be deemed conclusively to have been given if given in writing and delivered at or sent by pre-paid ordinary post in the case of the Bank to its registered office or principal place of business or in the case of the Guarantor to the Guarantor's place of business or residence last known to the Bank or to the relevant address as set out in the Schedule hereto.

15.2 Any notice deemed to have been given by virtue of the provisions of 15.1 hereof shall be deemed to have been given either (in the case of personal delivery) at the time when the same was actually delivered or (in the case of delivery by the postal services) twenty four hours after the time of posting.

16. All sums payable by the Guarantor hereunder shall be paid in full without any deductions set off counterclaim or withholding whatsoever and without any deduction for or on account of any present or future taxes, levies, imposts, duties, deductions or withholding or other charges of whatever nature imposed levied collected withheld or assessed unless the Guarantor is compelled by law so to do. If the Guarantor shall be so compelled then the Guarantor shall ensure that such deduction or withholding will not exceed the minimum legal liability therefor and shall forthwith pay to the Bank such additional amounts as may be necessary in respect of its obligations hereunder in order that the net amounts after such taxes, levies, imposts, duties, deductions, withholdings or other charges shall equal the amounts due hereunder.

17. The Bank's specified lending rate for the purposes of this guarantee (clause 1) shall be the rate or rates applicable to the category of the accommodation granted fixed by the Bank from time to time.

18. Any settlement discharge or release between the Guarantor and the Bank shall be conditional upon no security or payment to the Bank by the Customer or any other person being avoided or reduced by virtue of any provisions or enactments relating to bankruptcy, liquidation, insolvency or dissolution for the time being in force and the Bank shall be entitled (subject to any limit in the total amount recoverable under this guarantee) to recover the value or amount of any such security or payment for the Guarantor subsequently as if such settlement discharge or release had not occurred. Any liability the Guarantor may have under this clause (whether actual or contingent) shall be a liability in respect of which the Bank may exercise the rights created by clause 10 hereof. The Guarantor shall not be entitled to require the release to the Guarantor of any security provided by the Guarantor to the Bank in support of this guarantee until the expiration of seven months from the date of payment by the Customer of all moneys owing to the Bank or (if within a period of six months after such payment the Customer becomes bankrupt or subject to a receiving order or enters into compulsory or voluntary winding up or becomes insolvent or is dissolved) until the expiration of such further period as the Bank may in its discretion decide is required for the preservation of such security as security for the amount of the payment or the value of the security so avoided (or of the reduction thereof) aforesaid.

19. Where there is more than one person comprised in the term "the Customer" every reference to the Customer shall where the context admits take effect as a reference to such persons or any one or more of them and where the Customer is a firm or the trustees of any trust, club or association shall include the person or persons from time to time constituting that firm or body of trustees as the case may be and whether or not under the same style firm name or description (but if the Customer is described herein by a description which consists of or includes the firm name or the name of such trust, club or association this guarantee shall extend only to liabilities incurred and matters arising on account of the firm, trust, club or association and shall not apply to any such liabilities or matters on the separate account of any member or members or trustee or trustees thereof) and generally where the context so admits the singular shall include the plural.

20. Where this guarantee is executed by more than one individual the agreements and obligations on the Guarantor's part herein contained shall take effect as joint and several agreements and obligations and none of the Guarantors shall be released from liabiiity hereunder by reason of this guarantee ceasing (by any means whatsoever) to be binding as a continuing security on any other Guarantor(s) and generally this guarantee shall operate not only as a joint and several guarantee by all of the Guarantors but also as a separate guarantee by each of them.

21. This guarantee is and shall remain the property of the Bank.

22. **I/We certify that I/we have read the within Guarantee and have received a copy/copies thereof for my/our use.**

## Schedule

### Part I

Name(s) and address(es) of Customer(s)

VOKE HOLDINGS LIMITED.
O'BRIEN PLACE
YOUGHAL
Co. CORK.

### Part II

Name(s) and address(es) of Guarantor(s)

RICHARD VOKE
197 EIGHTH STREET,
UNIT 806,
Charlestown,
MA 02129,
USA

Signed and sealed by: RICHARD A VOKE

in the presence of: BRENDAN CUNNINGHAM

Witness: [signature]

Address: 26-28 Salt Terrace

Col

Occupation: Solr

} *Richard A Voke*

Signed and sealed by: ..............................

in the presence of: ..............................

Witness: ..............................

Address: ..............................

..............................

Occupation: ..............................

} ..............................

Signed and sealed by: ..............................

in the presence of: ..............................

Witness: ..............................

Address: ..............................

..............................

Occupation: ..............................

} ..............................

Signed and sealed by: ..............................

in the presence of: ..............................

Witness: ..............................

Address: ..............................

..............................

Occupation: ..............................

} ..............................

Signed and sealed by: ..............................

in the presence of: ..............................

Witness: ..............................

Address: ..............................

..............................

Occupation: ..............................

} ..............................

Dated _____ day of _____

S/F 110 – 94

# *Guarantee*

Central Securities
Allied Irish Banks, p.l.c.
1 Adelaide Road
Dublin 2

S/F 110 – 94